Middeeton, J.,
dissenting. I can not concur in the judgment reached by the majority of the court. I concur in the analysis of the decisions contained in Judge Taft’s dissenting opinion but wish to express briefly the principal reasons which impel me to differ with the majority.
The statutes of Ohio rather comprehensively treat on the subject of revocation of wills, but the statutes nowhere provide that a divorce coupled with a property settlement to any extent effects revocation of a will made during the marriage. There are certain changes in the conditions or circumstances of a testator because of which revocation of a will in whole or in part is implied by law but those conditions or circumstances are specified in the statutes.
This decision does one of two things. It either declares a will revoked by implication as to the wife where executed during marriage and a divorce and *417 property settlement occurs thereafter or it declares that in every such situation the court is to determine whether there was such change in the condition or circumstances of the testator as to effect revocation by implication. If the decision is to be given the meaning first suggested it is judicial legislation of the clearest kind. If the second interpretation is the one to be adopted and the courts are 'to consider changes in conditions or circumstances of the testator other than those specified in the statutes then there will be litigation with respect to every will made during a marriage and followed by divorce and property settlement, but there will be no guides or rules by which any court can determine what changes in conditions or circumstances effect revocation.
In the instant case the testator and the defendantappellee lived together as husband and wife for 40 years. The defendant-appellee, then past middle life, instituted an action against the testator for alimony and later an action for divorce and the divorce was granted. Only about five months .prior to the institution of the alimony action, the testator executed the will in question, evidencing his solicitude for her by making her a beneficiary of the will. After the divorce was granted, the testator kept the will safely in his deposit box with his other valuable papers for some ten or twelve years and died without taking any steps to revoke or destroy it. Such conduct on the part of the testator, in my judgment, eloquently argues continued love and respect of the testator for the woman who had been so long his wife, notwithstanding her conduct in seeking a divorce. Certainly, the testator’s conduct affords no basis for concluding that he intended to effect a revocation of his will or that he considered it revoked by reason of change of circumstances. In my judgment this court is doing exactly what the testator manifestly did not desire done.
*418 Taft, J., concurs in the foregoing dissenting opinion.